**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| VIET WAH GROUP INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; U.S. CUSTOMS AND BORDER PROTECTION; and RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection,<br><br>Defendants. | **Court No. 26-04948** |

**COMPLAINT**

Plaintiff VIET WAH GROUP INC. ("Viet Wah" or "Plaintiff"), by and through its undersigned counsel, alleges as follows:

**INTRODUCTION**

1. Plaintiff is a U.S. importer of record that imported goods from the Kingdom of Thailand ("Thailand") and the Socialist Republic of Vietnam ("Vietnam") and paid tariffs imposed under the International Emergency Economic Powers Act of 1977, 50 U.S.C. § 1701 *et seq*. (the "IEEPA Tariffs").

2. Beginning in February 2025, the President issued executive orders invoking IEEPA to impose new and substantial ad valorem tariffs on imported goods from nearly every foreign country, including Thai and Vietnamese-origin merchandise. *See generally*, Executive Orders 14195, 14200, 14228, 14257, 14259, and 14266, as amended (collectively, the "Challenged Tariff Orders").

3. The Challenged Tariff Orders required importers, including Plaintiff, to enter covered merchandise under Subchapter III, Chapter 99 provisions of the Harmonized Tariff Schedule of the United States ("HTSUS") and to deposit the resulting IEEPA Tariffs.

4. On February 20, 2026, the Supreme Court held that IEEPA does not authorize the President to impose tariffs. *Learning Resources, Inc. v. Trump*, 607 U.S. 229, 255 (2026), affirming *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025).

5. Plaintiff seeks reliquidation or liquidation, as applicable, of all entries on which it paid IEEPA Tariffs, refunds of those tariffs with interest as provided by law, and other appropriate relief.

6. This action is necessary to secure complete relief for Plaintiff, including relief for any entries that have liquidated or become final and for which an administrative refund process does not provide a complete remedy.

**PARTIES**

7. Plaintiff Viet Wah Group, Inc. is a State of Washington corporation with its principal place of business at 424 10TH AVE S STE B, SEATTLE, WA, 98104-2784. Plaintiff imported merchandise of Thai and Vietnamese origin into the United States and acted as importer of record for entries subject to the IEEPA Tariffs.

8. Defendant United States of America received the IEEPA Tariffs paid by Plaintiff and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i)(1)(B).

9. Defendant U.S. Customs and Border Protection ("CBP") is an agency within the U.S. Department of Homeland Security responsible for assessing and collecting duties on imported merchandise, including the IEEPA Tariffs paid by Plaintiff.

10. Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity.

11. Defendants are referred to collectively as "Defendants."

**JURISDICTION, STANDING, AND TIMELINESS**

12. This Court has subject-matter jurisdiction under 28 U.S.C. § 1581(i).

13. This Court possesses the powers in law and equity of a United States district court. 28 U.S.C. § 1585. In a civil action under 28 U.S.C. § 1581, this Court may enter money judgments against the United States and grant appropriate relief, including declaratory relief, injunctions, liquidation or reliquidation, and refunds. 28 U.S.C. §§ 2643(a)(1) and (c)(1).

14. Plaintiff has standing under 28 U.S.C. § 2631(i) and 5 U.S.C. § 702 because it is the importer of record and it paid IEEPA Tariffs on entries for which it was importer of record. An order requiring liquidation or reliquidation without the IEEPA Tariffs and refunding those tariffs with interest would redress Plaintiff's economic injury.

15. Although CBP has established a refund process through the Consolidated Administration and Processing of Entries ("CAPE") system pursuant to a court order, that process does not cover entries that liquidated more than 80 days ago. Moreover, substantial uncertainty remains regarding the availability of IEEPA duty refunds for protested entries, as CBP nor the Court has clearly explained whether the filing or pendency of an administrative protest is the appropriate course of action or will result in a refund of IEEPA tariffs.

16. This action is timely under 28 U.S.C. § 2636(i) because it is commenced within two years after Plaintiff's claim first accrued.

**FACTUAL AND LEGAL BACKGROUND**

17. On February 1, 2025, the President issued Executive Order 14195, Imposing Duties to Address the Synthetic Opioid Supply Chain in the People's Republic of China, 90 Fed. Reg. 9,121, imposing an additional 10 percent ad valorem tariff on covered Chinese-origin products.

18. Executive Orders 14200 and 14228 amended the tariff measures.

19. On April 2, 2025, the President issued Executive Order 14257, Regulating Imports with a Reciprocal Tariff to Rectify Trade Practices That Contribute to Large and Persistent Annual United States Goods Trade Deficits, 90 Fed. Reg. 15,041, imposing additional tariffs on imports, including imports from China.

20. Executive Orders 14259 and 14266 further modified the reciprocal tariff rate.

21. The Challenged Tariff Orders directed implementation through modifications to the HTSUS, including Subchapter III, Chapter 99 tariff provisions. CBP assessed and collected the IEEPA Tariffs through those provisions.

22. As importer of record, Plaintiff entered merchandise imported from Thailand and Vietnam and deposited estimated duties and fees, including IEEPA Tariffs. 19 U.S.C. §§ 1484 and 1505(a).

23. CBP is charged with confirming the classification of each imported good under the HTS and subsequently assessing and collecting any duties owed, which at the time included IEEPA tariff amounts. *See generally*, 19 U.S.C. §§ 1202, 1500, and 1502

24. "Liquidation" is the final computation or ascertainment of duties on an entry. 19 C.F.R. § 159.1. CBP generally fixes the final value, classification, duty rate, and amount of duty when it liquidates an entry. 19 U.S.C. § 1500. Unless extended, liquidation must happen within one year. 19 U.S.C. § 1504(a) and (b). But as a general practice, CBP typically liquidates entries within 314 days after the date of entry (automatic liquidation) and will post notice on its website. 19 C.F.R. § 159.9.

25. CBP may voluntarily reliquidate an entry within 90 days after liquidation. 19 U.S.C. § 1501. Plaintiff's affected entries include finally liquidated entries.

26. Once CBP has liquidated an entry, an importer of record has 180 days to file a protest contesting the liquidation if such liquidation protest is based on a clerical error, mistake of

fact, or other inadvertence or where CBP makes an administrative decision such as imposing a duty or determining the entry's classification. 19 U.S.C. § 1514 and 19 C.F.R. §174.11. A protest is not available for purely "ministerial" actions; that is CBP must have engaged in a decision-making process. *See e.g., Rimco Inc. v. United States, 98 F.4th 1046, 1052 (Fed. Cir. 2024)* and *J. Conrad LTD v. United States*, 457 F. Supp. 3d 1365, 1379 (Ct. Int'l Trade 2020).

27. Plaintiff has submitted one of its entries for protest, which is still open but will be deemed denied on November 7, 2026, as a result of a request for acceleration mailed on October 8, 2026. 19 U.S.C. § 1515 and 19 C.F.R. §174.22.

28. On May 28, 2025, this Court held that the President lacked authority under IEEPA to impose the challenged tariffs. *V.O.S. Selections, Inc. v. United States*, 772 F. Supp. 3d 1350 (Ct. Int'l Trade 2025).

29. The Federal Circuit, sitting *en banc*, affirmed the conclusion that the tariffs exceeded the President's authority under IEEPA. *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025).

30. On February 20, 2026, the Supreme Court affirmed and held that "the terms of IEEPA do not authorize tariffs." *Learning Resources, Inc. v. Trump*, 607 U.S. 229, 255 (2026).

31. The government has made it clear in multiple cases prior to IEEPA tariffs being found unlawful, "that [it] will not object to the [c]ourt ordering reliquidation of plaintiffs' entries subject to the challenged IEEPA duties if such duties are found to be unlawful." *AGS Co. Auto. Sols. v. U.S. Customs & Border Prot.*, 813 F. Supp. 3d 1298, 1300 (Ct. Int'l Trade 2025).

32. CBP ceased collecting the IEEPA Tariffs for goods entered for consumption or withdrawn from warehouse for consumption on or after 12:00 a.m. Eastern Time on February 24, 2026.

33. This Court has authority to order liquidation or reliquidation and refunds where the Government unlawfully exacted duties. *AGS Co. Automotive Solutions*, 813 F. Supp. 3d at 1302.

34. Defendants have represented in related litigation that the Court may order liquidation or reliquidation of entries subject to unlawful IEEPA Tariffs and that such relief may result in refunds with interest.

35. The Court of International Trade has confirmed that such entries are eligible for processing through CBP's CAPE Phase 3 notwithstanding that the protests remain pending and have not been withdrawn. See *Freestyle World, Inc. v. U.S. Customs & Border Prot*., Ct. No. 26-01088, ECF No. 66, at 1–2 (Ct. Int'l Trade Oct. 29, 2026) (Eaton, J.).

**PLAINTIFF'S ENTRIES AND INJURY**

36. From March 10, 2025, through February 12, 2026, Plaintiff imported tire changers, wheel balancers, car lifts, and related parts and accessories of Chinese origin into the United States as importer of record.

37. Plaintiff paid IEEPA Tariffs on four (4) entries. Plaintiff will provide these entries to CBP as part of the CAPE III process.

38. Some affected entries are finally liquidated. Without judicial relief, Plaintiff will not receive a complete refund of all unlawfully collected IEEPA Tariffs.

39. For a select few entries, Plaintiff has timely filed administrative protests pursuant to 19 U.S.C. § 1514 challenging the assessment and collection of IEEPA duties and seeking refunds of such duties and on October 8, 2026, Plaintiff submitted requests via certified mail a written request for accelerated disposition of those protests pursuant to 19 U.S.C. § 1515(b) and 19 C.F.R. §174.22.

40. Plaintiff has incurred and continues to incur economic injury in the amount of the IEEPA Tariffs paid, plus the loss of use of those funds and the costs of obtaining relief.

## COUNT I - REFUND OF IEEPA TARIFFS PAID

41. Plaintiff incorporates paragraphs 1 through 36 as if fully set forth herein.

42. The Challenged Tariff Orders purported to impose tariffs under IEEPA and were unlawful because IEEPA does not authorize the President to impose tariffs. *Learning Resources, Inc. v. Trump*, 607 U.S. 229, 255 (2026).

43. Plaintiff is the importer of record for goods for which the Plaintiff was required to pay IEEPA tariffs.

44. This Court is bound by *Learning Resources* decision and as a result of that decision should order that those IEEPA Tariffs assessed and collected from Plaintiff were unlawfully exacted.

45. Due process requires meaningful post-payment relief for unlawfully collected exactions. *See McKesson Corp. v. Division of Alcoholic Beverages & Tobacco*, 496 U.S. 18, 36-39 (1990).

46. Defendants are judicially estopped from disputing the Court's authority to order liquidation or reliquidation and refunds after securing relief in related litigation based on representations that such remedies would remain available. *See AGS Co. Automotive Solutions*, 813 F. Supp. 3d at 1300-02; *Sumecht NA, Inc. v. United States*, 923 F.3d 1340, 1348 (Fed. Cir. 2019).

47. Plaintiff is entitled to liquidation or reliquidation of its affected entries without the IEEPA Tariffs and to a refund of all IEEPA Tariffs paid, with interest as provided by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and:

**(a)** Order Defendants to reliquidate each affected entry that liquidated with IEEPA Tariffs, even those under protest, without regard to those tariffs;

**(b)** Order Defendants to liquidate each affected unliquidated entry without regard to IEEPA Tariffs;

**(c)** Order the United States to refund to Plaintiff all IEEPA Tariffs paid on the affected entries, with interest as provided by law;

**(d)** Declare that Defendants may not object to the Court's authority to order liquidation, reliquidation, and refunds for Plaintiff's affected entries, including finally liquidated entries;

**(e)** Award Plaintiff its reasonable costs and attorneys' fees to the extent authorized by law; and

**(f)** Grant such other and further relief as the Court deems just and proper.

Dated: November 3, 2026.

Respectfully submitted,

/s/ Marshall Olney
Marshall Olney
Buchalter, LLP
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017
Tel: (213) 891-5266
molney@buchalter.com

Attorney for Plaintiff
Viet Wah Group, Inc.

**CERTIFICATE OF SERVICE**

Pursuant to U.S. Court of International Trade Rule 4(b) and (h), I hereby certify that on November 3, 2026, I caused copies of Plaintiff's Summons and Complaint, and all required forms, to be served by certified mail, return receipt requested, upon:

Attorney-in-Charge
International Trade Field Office
Commercial Litigation Branch
U.S. Department of Justice
26 Federal Plaza, Room 346
New York, New York 10278

Office of Chief Counsel
U.S. Customs and Border Protection
1300 Pennsylvania Avenue, Suite 4.4-B
Washington, D.C. 20229

Attorney-in-Charge
Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

/s/ Marshall Olney
Marshall Olney